# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GEORGIA ASSOCIATION OF LATINO ELECTED OFFICIALS, INC., as an organization; GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC., as an organization; ASIAN AMERICANS ADVANCING JUSTICE – ATLANTA, INC., as an organization; NEW GEORGIA PROJECT, as an organization; COMMON CAUSE as an organization; ALBERT MENDEZ; and LIMARY RUIZ TORRES; | Civil Action Case No. 1:20-cv-01587-WMR **SECOND AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |
|           Plaintiffs, | **Section 203 of the Voting Rights Act (52 U.S.C. § 10503) and Section 4(e) of the Voting Rights Act (52 U.S.C. § 10303)** |
| v. | |
| GWINNETT COUNTY BOARD OF REGISTRATION AND ELECTIONS; JOHN MANGANO, STEPHEN DAY, BEN SATTERFIELD, BEAUTY BALDWIN, and ALICE O'LENICK, in their official capacities as members of the Board of Registration and Elections; BRAD RAFFENSPERGER, in his official capacity as the Secretary of State of Georgia; | |
|           Defendants. | |

## INTRODUCTION

1.      This is an action to enforce the statutory guarantee of equal access to the franchise for limited-English proficient ("LEP") Spanish speaking voters in Gwinnett County under Section 203 of the Voting Rights Act, 52 U.S.C. § 10503 ("Section 203"), and for Gwinnett County LEP voters educated in Puerto Rico under Section 4(e) of the Voting Rights Act, 52 U.S.C. § 10303 ("Section 4(e)").[1]

2.      Since December 2016, Gwinnett County has been a covered jurisdiction under Section 203, entitling its LEP Spanish speaking voters to receive bilingual voting materials and assistance.  The county also has a substantial population of LEP Spanish speaking voters educated in Puerto Rico who are entitled to receive bilingual voting materials and assistance under Section 4(e).

3.      Election officials are, however, providing a variety of English-only election materials to Gwinnett County voters in violation of Sections 4(e) and 203.

4.      For example, during the week of March 30, 2020, Georgia Secretary of State BRAD RAFFENSPERGER used CARES Act funds to mail a first round of English-only absentee ballot applications to Georgia's 6.9 million active voters to encourage them to vote by mail in Georgia's upcoming primary election due to

---

[1] All Defendants have provided written consent to the Plaintiffs' filing of the Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

the public health risk posed by in-person voting to voters, poll workers, and election officials resulting from the COVID-19 pandemic.

5.     Not only did Defendant Raffensperger already send out a second set of English-only absentee ballot applications to approximately 323,000 active voters on or around April 21, 2020, but he also acknowledged in his April 15 application for CARES Act funding that his office may provide mail ballot applications for future elections, saying: "Georgia mailed 6.9 million absentee ballot applications to voters for the Presidential Preference Primary and … may consider providing similar services for the primary runoff and November General Election."

6.     Defendants RAFFENSPERGER and the GWINNETT COUNTY BOARD OF REGISTRATION AND ELECTIONS ("BORE") have a policy and practice of frequently providing English-only election materials and failing to provide materials to Gwinnett County's LEP Spanish speaking voters.  These include the two rounds of English-only absentee ballot applications for the upcoming primary election, English-only press releases and all other election-related information published on the Secretary of State's website, English-only voter precinct cards accessible to individuals logging on to the Georgia My Voter

Page, and English-only election-related notices, instructions, and supplies to nursing homes, among other items.

7.     LEP Spanish-speaking voters such as Albert Mendez and Limary Ruiz Torres, who attended school in Puerto Rico, are unable to read English-only election materials.  Mr. Mendez, Ms. Torres, and similarly situated voters are not able to complete English-only absentee ballot applications or comprehend English-only voter precinct cards, press releases, and other English-only election materials. They were able to complete bilingual absentee ballot applications when Defendants furnished the bilingual forms in response to this lawsuit.

8.     Defendants RAFFENSPERGER and the GWINNETT COUNTY BORE have assumed the obligation to provide Gwinnett County's LEP Spanish-speaking voters with translated materials and assistance under Sections 203 and 4(e) in some circumstances, as evidenced by their coordinated efforts to provided bilingual absentee ballots to Gwinnett County voters for the June 9, 2020 primary election.

9.     Similarly, the Defendants collaborated to ensure that Gwinnett's LEP Spanish-speaking inactive voters received bilingual "last chance" purge notices in the fall of 2019.  These notices gave multitudes of voters – approximately 22,000 in Gwinnett County alone – a final warning to update or confirm their address

information to avoid having their voter registrations cancelled in December of 2019.  The Secretary of State's office mailed an English-only version of the 2019 "last chance" purge notice to all voters outside of Gwinnett County, while the Gwinnett County BORE mailed a bilingual version of the same document to affected voters in Gwinnett County.

10.     Defendants violate Section 4(e) and Section 203 of the Voting Rights Act when they provide English-only election materials, such as the two rounds of English-only absentee ballot applications, to Gwinnett County voters.  Remedial relief is necessary to ensure that Gwinnett County's LEP Spanish-speaking voters such as Plaintiffs Mendez and Torres receive the language assistance they need to effectively participate in the electoral process.  This is particularly true during the 2020 election cycle, where elderly and immunocompromised Georgians need to be able to access the mail voting process if they want to participate in the democratic process in the midst of the COVID-19 epidemic.

11.     Plaintiffs seek narrow, targeted, and feasible relief in this action. Plaintiffs seek an order compelling Defendants to provide bilingual election materials, including absentee ballot applications, to Gwinnett County voters.

## JURISDICTION & VENUE

12.     This Court has jurisdiction pursuant to (1) 28 U.S.C. § 1343(a) because this action seeks to redress the deprivation of rights, privileges and immunities secured by the United States Constitution under color of state law and (2) 28 U.S.C. § 1331 because this action arises under the laws of the United States.

13.     This Court has jurisdiction to grant both declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

15.     Plaintiff GEORGIA ASSOCIATION OF LATINO ELECTED OFFICIALS, INC. ("GALEO") is a domestic nonprofit corporation organized under the laws of the State of Georgia.  GALEO was founded in 2003 and is one of the oldest, largest, and most significant organizations promoting and protecting the civil rights of Georgia's Latinx community.  GALEO has approximately 165 members across Georgia, which includes members in Gwinnett County.  GALEO's headquarters is located in Norcross, which is in Gwinnett County, and a substantial amount of GALEO's civic engagement, voter registration and get out the vote

work takes place in Gwinnett County.  This work includes organizing voter

education, civic engagement, voter empowerment and get out the vote events and

conducting voter registration drives.  After Gwinnett County became a covered

jurisdiction for Spanish under Section 203 in December 2016, GALEO has worked

with the Gwinnett County BORE in an effort to bring its procedures and election

materials into compliance with the law's requirements.  During the 2020 election

cycle, GALEO has also been working to address challenges facing Gwinnett

County's LEP Spanish speaking voters as a result of the impact of the COVID-19

pandemic.  GALEO sent bilingual mailers to Latinx Gwinnett County voters with

information about the presidential primary.  After the March primary was

postponed, GALEO sent out another round of bilingual mailers providing Latinx

voters with updated information.  Now that the primary has been postponed until

June, GALEO expects to send out another round of bilingual mailings providing

Latinx voters in Gwinnett County with updated information about the election and

relevant deadlines.  Because Defendants provide English-only election materials,

including absentee ballot applications, to Gwinnett County's LEP Spanish-

speaking voters, GALEO has diverted, and will continue to divert, time and

resources that would ordinarily be directed to GALEO's other organizational goals

and priorities, in an effort to help mitigate the failure of the Defendants to comply

with Sections 203 and 4(e).  For example, GALEO is reaching out to and educating LEP Spanish-speaking voters about how to navigate the mail voting process and how to complete the application, as well as other aspects of the electoral process. GALEO staff members such as Darrick Alvarez are assisting LEP voters who received English-only applications such as his parents and Nelson Romero with navigating the absentee voting process.

16.    Plaintiff GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC. ("GCPA") is a domestic nonprofit corporation organized under the laws of the State of Georgia.  The GCPA is a coalition of more than 30 organizations, which collectively have more than 5,000 individual members.  The GCPA encourages voter registration and participation, particularly among Black voters, other voters of color, language minority voters, students and other underrepresented communities.  The organization commits time and resources to civic engagement, voter registration drives, voter education, voter ID assistance, get out the vote ("GOTV") efforts, including Souls to the Polls, minority language assistance and other initiatives that seek to encourage voter registration and participation.  Due to the spread of the COVID-19 virus in Georgia, which poses an extreme public health risk to voters during the 2020 election cycle, the GCPA has been devoting, and will continue to devote, time and resources to public

information campaigns and other initiatives to encourage voters to exercise their

right to vote by mail.  However, absentee voting by mail has posed significant

challenges for the communities GCPA serve due to the complicated processes

involved in applying for and returning the ballot.  Defendants' decision to provide

English-only election materials, including absentee ballot applications, to Gwinnett

County voters has caused, and will continue to cause, GCPA to divert resources to

help mitigate the Defendants' failure to comply with and enforce Sections 203 and

4(e).

17.    Plaintiff ASIAN AMERICANS ADVANCING JUSTICE –

ATLANTA, INC. ("Advancing Justice-Atlanta") has its principal place of business

in Norcross in Gwinnett County. Advancing Justice-Atlanta was founded in 2010

to protect and promote the civil rights of Asian Americans and Pacific Islanders

("AAPIs") and other immigrant, refugee and language minority communities in

Georgia, including in Gwinnett County, through policy advocacy, legal services,

impact litigation, and civic engagement.  Advancing Justice-Atlanta engages in

voter registration, voter education, and GOTV efforts and seeks to increase voter

participation among newly naturalized citizens, people of color, immigrants, LEP

individuals, and individuals in other traditionally underserved communities,

including by disseminating Spanish-language "know your rights" informational

materials.  During this election cycle, Advancing Justice-Atlanta is calling and texting Gwinnett County voters to provide them information about voter registration, absentee voting and other voting and election related issues to increase registration and voter turnout.  Due to the risks of in-person voting posed by the COVID-19 crisis and Defendants' provision of English-only election materials, including absentee ballot applications, to Gwinnett County voters, Advancing Justice-Atlanta has diverted, and will continue to divert, resources to mitigating the impact on Gwinnett County's LEP Spanish speaking voters.  Advancing Justice-Atlanta, along with partners, is making videos in multiple languages (including in Spanish, Korean, Mandarin, Vietnamese and English languages) to provide LEP voters and other underserved communities with information about voting by mail and other aspects of the electoral process.

18.    Plaintiff NEW GEORGIA PROJECT, INC. ("NGP"), is registered in Georgia as a foreign nonprofit corporation. NGP's mission is to build power within the New American Majority, which includes people of color, language minority citizens, young people aged 18 to 29 years old, and unmarried women—through civic and voter engagement.  NGP organizes voter registration, civic engagement and GOTV events in Gwinnett County, including "souls to the polls" campaigns. Organizing around absentee voting is also an important part of NGP's work.

NGP's "Loose the Chains" initiative—a partnership with religious institutions such as churches, mosques, and synagogues to register people to vote, disseminate multilingual information about voting rights and voter protection – including in Spanish – and bring voters to vote—including a Black, Latinx, and AAPI church "vote by mail" campaign.  NGP has helped over 10,000 Gwinnett County voters register to vote.  In 2020, before its organizing work had to be restructured due to the COVID-19 outbreak, NGP had helped over 1,000 Gwinnett voters of color to vote early in the primary.  As a result of Defendants providing English-only election materials, including absentee ballot applications, to Gwinnett's LEP Spanish-speaking voters, NGP has diverted, and will continue to divert, resources toward mitigating the negative impacts of this failure on Gwinnett County's LEP Spanish-speaking voters through civic engagement, voter education and other assistance, including through its election protection efforts in Gwinnett County.

19.    Plaintiff COMMON CAUSE is one of the nation's leading grassroots democracy-focused organizations and has over 1.2 million members nationwide and chapters in 35 states, including 19,667 members and supporters in Georgia. Since its founding in 1970, COMMON CAUSE has been dedicated to the promotion and protection of the democratic process.  In Georgia, COMMON CAUSE works in the areas of election protection, voter education, registration,

advocacy, outreach, get out the vote, and grassroots mobilization around voting rights.  COMMON CAUSE has worked alongside partners to help recruit volunteers to assist LEP Spanish-speaking voters and provide Spanish language election materials.  COMMON CAUSE has had to divert resources from its election protection efforts to engage additional Spanish-speaking volunteers to assist LEP Gwinnett County voters impacted by Defendants' decision to provide voters with English-only election materials such as the absentee ballot applications.

20.     Plaintiff ALBERT MENDEZ is a limited English proficient Spanish-speaking U.S. citizen who is registered to vote in Gwinnett County.  He was born in New York City, raised in Puerto Rico, and attended Spanish-speaking schools in Puerto Rico.  He is a professional bass fisherman.  He wants to vote in the upcoming primary election.  He received the English-only absentee ballot application on or about Wednesday, April 1.  He cannot read the application and initially thought it was probably junk mail.  He is not highly proficient with respect to surfing the internet and does not know if it is possible to obtain a bilingual version of the application.  After he joined this litigation as a Plaintiff, the Gwinnett County BORE mailed him a bilingual absentee ballot application, which he was able to complete.  Similarly, he was able to complete the U.S. Census form because it came with a Spanish language translation.  If he is sent an English-only

absentee ballot application in the future, however, he will not be able to understand it.  Plaintiff Mendez cannot read the English-only voter precinct card accessible via the Georgia My Voter Page, the English-only election notices and information posted on the Georgia Secretary of State's website, and other English-only election materials furnished to him by Defendants.

21.     Plaintiff LIMARY RUIZ TORRES is a limited English proficient Spanish-speaking U.S. citizen who is registered to vote in Gwinnett County.  She was born and raised in Puerto Rico and attended Spanish-speaking schools in Puerto Rico.  She works as an accountant part-time.  She has voted in Gwinnett County in the past and wants to vote in the upcoming primary election.  She received the English-only absentee ballot application on or about Wednesday, April 1.  She cannot read the application and initially thought it was probably junk mail.  She is not highly proficient with respect to surfing the internet and does not know if it is possible to obtain a bilingual version of the application.  After she joined this litigation as a Plaintiff, the Gwinnett County BORE mailed her a bilingual absentee ballot application, which she was able to complete.  Similarly, she was able to complete the U.S. Census form because it came with a Spanish language translation.  If she is sent an English-only absentee ballot application in the future, however, she will not be able to understand it.  Plaintiff Torres cannot

read the English-only voter precinct card accessible via the Georgia My Voter

Page, the English-only election notices and information posted on the Georgia

Secretary of State's website, and other English-only election materials furnished to

her by Defendants.

22.    Defendant GWINNETT COUNTY BORE is responsible for the

administration of elections in Gwinnett County, as provided by Georgia state law.

*See* O.C.G.A. § 21-2-40.

23.    Defendants JOHN MANGANO, STEPHEN DAY, ALICE

O'LENICK, BEAUTY BALDWIN, and BEN SATTERFIELD, ("BORE

Members") are members of the Gwinnett County BORE and are being sued in their

official capacities.  The BORE members have the authority of a county election

superintendent with respect to conducting elections in Gwinnett County.  O.C.G.A.

§ 21-2-70 *et. seq*.  Duties of an election superintendent include, among others, the

following: "[t]o prepare and publish, in the manner provided by this chapter, all

notices and advertisements, in connection with the conduct of elections, which may

be required by law, and to transmit immediately to the Secretary of State a copy of

any publication in which a call for a special primary, election, or runoff is issued;"

"[t]o make and issue such rules, regulations, and instructions, consistent with law,

including the rules and regulations promulgated by the State Election Board, as he

or she may deem necessary for the guidance of poll officers, custodians, and electors in primaries and elections;" and, "[t]o conduct all elections in such manner as to guarantee the secrecy of the ballot and to perform such other duties as may be prescribed by law." O.C.G.A. §§ 21-2-70 (3), (7), (13).

24.    Defendant BRAD RAFFENSPERGER is Georgia's Secretary of State. He is named as a defendant herein in his official capacity. As Secretary of State, Defendant RAFFENSPERGER is Georgia's chief election official who oversees and administers elections and also serves as the Chairman of the Georgia State Election Board. O.C.G.A. §§ 21-2-30(d), 21-2-50. His responsibilities as Chairperson of the State Election Board include working with other members of the Board to promulgate rules and regulations so as to obtain uniformity in the practices and proceedings of local election officials, ensuring the legality of all primaries and elections, and to promulgate rules conducive to the fair, legal, and orderly conduct of primaries and elections. O.C.G.A. § 21-2-31

## FACTUAL ALLEGATIONS

### THE SECRETARY OF STATE MAILS TWO ROUNDS OF ABSENTEE BALLOT APPLICATIONS TO ACTIVE VOTERS FOR THE PRIMARY

25.    Defendant Raffensperger has issued a press release stating, "[c]onsidering the health risks posed by COVID-19, Georgians should seriously consider submitting an absentee ballot by mail for the June 9 elections… the extra

precautions necessary to preserve voter and poll worker health during the pandemic will result in long wait times and an increased health risk that could be avoided through absentee ballots…"

26.     To increase access to the ballot during the coronavirus outbreak, the Secretary of State mailed English-only absentee ballot applications to all active voters in Gwinnett County and the rest of Georgia during the week of March 30, 2020.

27.     Any registered voter may vote absentee regardless of whether they have an excuse for not being present on Election Day.  O.C.G.A. § 21-2-380.  To vote by mail, a voter must first submit an absentee ballot application via mail, fax, e-mail, or in-person.  O.C.G.A. § 21-2-381.  To fill out the application, voters must select a political party, sign the forms, add a 55-cent stamp, and mail the envelope.

28.     Upon receipt of the application, election officials mail the ballot to the voter, which will be counted if the voter returns it to officials by the time polls close.

29.     Defendant Raffensperger's press release announcing the mail ballot measures acknowledged that "Georgians who need language assistance" are among the groups who are less likely to be able to take advantage of the vote-by-mail voting option and that they need other avenues to vote, including in-person voting.

30.     However, voting in person risks the health of voters, and non-profit groups have ceased in-person get out the vote work in Gwinnett County.  Poll workers, many of whom are elderly and vulnerable to COVID-19, are also quitting in large numbers, risking the closure of polling places.

31.     The absentee ballot applications mailed to Gwinnett County voters by the Secretary of State are in English only, as the Defendants have conceded.

32.     This has a huge impact on Latinx voters in Gwinnett County.  The Census Bureau's 2018 American Community Survey 5-Year Estimate indicates there are 13,937 LEP Spanish-speaking citizens of voting age in Gwinnett County, out of 40,576 total LEP Spanish speakers in the county.

33.     LEP Spanish-speaking Gwinnett County voters are unable to read and understand the English-only absentee ballot applications mailed to their residences or may experience significant difficulty doing so.  Some do not even know that absentee voting is an available option to them and would have benefited from receiving this information in Spanish.

34.     Moreover, there are many other barriers to voting by mail for LEP Spanish-speaking voters in Gwinnett County.  Many LEP voters who are not familiar with voting by mail do not know how to obtain an application or who they

should contact to get one.  LEP voters without a computer, printer or access to the internet will be unable to find, download, and print an online application.

35.    Some LEP Spanish-speaking voters must rely on relatives or friends to translate English materials for them.

36.    Access to voting in the June 9, 2020 election is also hampered by the social distancing and shelter in place directives that have limited non-essential travel and gatherings.

37.    Defendant Raffensperger sent out a second set of English-only absentee ballot applications to approximately 323,000 active voters on or around April 21, 2020.

38.    Defendant Raffensperger acknowledged in his April 15 application for CARES Act funding that his office may provide mail ballot applications for future elections, saying: "Georgia mailed 6.9 million absentee ballot applications to voters for the Presidential Preference Primary and is paying to have a contractor mail the requested absentee ballots to the voters who apply for absentee ballots. Georgia may consider providing similar services for the primary runoff and November General Election."

39.    Gwinnett County is highly likely to have at least one primary runoff contest, including for the Gwinnett County Chair and Democratic U.S. Senator seats.

40.    Some county election officials also mailed additional absentee ballot applications to voters.  Cobb County mailed out a second set of absentee ballot applications to all voters in that county who are over 60 years old.

41.    LEP Spanish-speaking voter Nelson Romero never received a bilingual absentee ballot application for the June 9, 2020 election; he has also not completed the English-only application.

42.    Mr. Romero and similarly-situated Gwinnett voters are at imminent risk of losing the opportunity to vote in the upcoming June 9, 2020 primary, which is an irreparable harm.

43.    Mr. Romero is representative of thousands of similarly-situated Gwinnett voters.  Expert witness Dr. Michael McDonald has analyzed the Absentee Voter Files from Gwinnett County and around the state and determined that, as of May 3, only 3.2% of Latinx active voters in Gwinnett County have submitted absentee ballot applications, while the return rate for white active voters in Gwinnett is 15.2% - nearly five times higher.

44.   Dr. McDonald concludes that "election officials sending English-only absentee ballot applications to Gwinnett County voters is affecting Hispanic absentee ballot requests."

45.   Defendants have grossly exaggerated the burden of mailing bilingual applications in light of the available CARES funding.

46.   The SOS mailed out a second set of English-only applications to approximately 323,000 voters around April 21.  Secretary Raffensperger has also extolled his office's coordination in sending the original mailing to 6.9 million voters in "just 6 days."

47.   Plaintiffs have already facilitated the process of identifying LEP Spanish-speaking voters by furnishing Defendants with the approximately 65,000 self-identified Latinx and Spanish-surnamed voters in Gwinnett County who require bilingual applications.

## GEORGIA SECRETARY OF STATE PROVIDES ENGLISH-ONLY ELECTION MATERIALS TO GWINNETT COUNTY VOTERS

48.   All election materials provided by the Georgia Secretary of State to Gwinnett County voters are English-only.

49.   There are no bilingual or Spanish language absentee ballot application forms available for download on the Secretary of State's website.

50.   The Georgia Secretary of State's website is English-only.

51.     The Georgia Secretary of State issues press releases that provide critical and substantive election-related information and notice to the public. Recent examples include "Raffensperger Encourages Absentee Ballot Voting as COVID-19 Precautions Result in Long Wait Times at the Ballot Box" (issued May 20) and "Secretary Brad Raffensperger Wins in Court, Primary Election to Move Forward on June 9" (issued May 15).

52.     Defendants do not translate the Secretary of State's press releases into Spanish or otherwise make them accessible to limited-English proficient Spanish-speaking voters who live in Gwinnett County.

53.     The Georgia Secretary of State's website contains other critical information for Gwinnett County voters on webpages that can be accessed by clicking on headers such as "Register to Vote," "Key Election Dates and Information," "Advance Voting Info," "FAQs," "2019 List Maintenance," "Online Complaints," and "Information for Voter Registrations Pending Due to Citizenship."

54.     All of the information provided on the Georgia Secretary of State's webpages is only in English, and this same important election information is not provided in Spanish language on the Gwinnett BORE's website.

55.     After registration applications are submitted by eligible voters and successfully processed by the Gwinnett BORE and other county boards around the state, election officials mail a voter precinct card to each voter.

56.     Voters may access their voter precinct cards on the Georgia My Voter Page, which can be accessed at www.mvp.sos.ga.gov.

57.     The voter precinct cards for Gwinnett County voters such as Nelson Romero, Clara Lunarejo Moreno, Hugo Alvarez, Jorge Granados, Limary Ruiz Torres, and Albert Mendez are English-only.  *See*, *e.g.*, Dkt. 17-7 Ex. 2, Dkt. 17-8 Ex. 2, Dkt. 17-9 Ex. 2, Dkt. 17-10 Ex. 1, Dkt. 17-13 Ex. 1, Dkt. 17-14 Ex. 1.

58.     Voter precinct cards contain critical information such as the voter's precinct and polling place both for county and municipal elections; voting districts for congressional, state legislative, and local elections; information about how voters may submit a notice of change of address to election officials; and notice that the "card may not be used as evidence to prove United States Citizenship or as identification to vote."

59.     The Georgia Secretary of State is responsible for providing election-related training for nursing homes, and well as supplying election-related instructions – including those related to absentee voting – and supplies at nursing homes.

60.     All of the instructions and supplies provided to nursing homes by the Georgia of Secretary of State is only in English.

## GWINNETT COUNTY BORE WEBSITE IS NOT ACCURATELY TRANSLATED

61.     The Gwinnett County BORE placed a bilingual absentee ballot application on its website after this case was filed on April 13.  To access that application, voters have to navigate the Gwinnett BORE's English-only website. To access a Spanish-language computer-translated version of the website, voters have to find a small box marked "English  >" at the bottom right hand corner of the Gwinnett County BORE's webpage.  If the user clicks that button, a panel appears indicating that the website is also available in Spanish and other languages. As a practical matter, it would be difficult, if not impossible, for most LEP voters to navigate the English-only website, especially since the option for the application in other languages is hardly noticeable.

62.     As a practical matter, most LEP voters will not navigate an English-only website to find the bilingual application.

63.     Moreover, the link to the Spanish language version of the absentee ballot application is incorrect and misleading on the computer-generated Spanish translation.  A Spanish-speaking voter would need to click "In English" to access the Spanish-language application, making it virtually impossible to find.

64.   The quality of the computer-generated Spanish translation of the "Absentee Voting By Mail" website is poor; the Spanish translation is riddled with errors that could prevent Spanish-speaking voters from navigating the mail voting process.

65.   A disclaimer on Gwinnett County's website states that "the machine-generated website translations . . . may not be entirely correct" and "[a]ny person that uses the translation service does so at that person's own risk and accepts the legal implications of any shortcomings or difference in translation."[2]

## CLAIMS FOR RELIEF

## COUNT I
### Section 203 of the Voting Rights Act (52 U.S.C. § 10503)

66.   Plaintiffs incorporate by reference and reallege herein each of the foregoing paragraphs of this Second Amended Complaint.

67.   Gwinnett County became a covered jurisdiction under Section 203 of the Voting Rights Act on December 5, 2016.

68.   Section 203 imposes an affirmative obligation on covered jurisdictions to provide bilingual voting materials for the applicable language minority group.  As a result, voters in Gwinnett County must receive "any

---

[2] *See* https://www.gwinnettcounty.com/web/gwinnett/contactus/translation.

24

registration or voting notices, forms, instructions, assistance, or other materials or

information relating to the electoral process, including ballots . . . in the language

of the applicable minority group as well as in English." 52 U.S.C. § 10503(c).

69.    These requirements are "broadly construed to apply to all stages of the

electoral process, from voter registration through activities related to conducting

elections." 28 C.F.R. 55.15.

70.    Covered jurisdictions are required to offer translations of all election-

related written materials including the ballot, registration forms, sample ballots,

elections notices, and the locality's website. Under the plain language of the

statute, jurisdictions are strictly liable for any failure to translate written materials.

71.    Under Section 203, Gwinnett County voters must have equal access to

the electoral process when the Secretary of State's office disseminates absentee

ballot applications or other materials. *See Delgado v. Smith*, 861 F.2d 1489, 1490

(11th Cir. 1988) (holding that Section 203 "requires a state which distributes

'materials or information relating to the electoral process' to certain bilingual

political subdivisions to provide them 'in the language of the applicable language

minority group as well as in the English language'"); 28 C.F.R. 55.10(c)

(providing that for "elections for an office representing more than one county . . .

the bilingual requirements are applicable on a county-by-county basis").

According to the applicable Department of Justice regulation, "a county subject to the bilingual requirements must insure compliance with those requirements with respect to all aspects of the election."  28 C.F.R. 55.10(b).

72.     In 2018, Ms. Ledford noted that Gwinnett County provided bilingual "I Voted" stickers in response to guidance from the Department of Justice.  In 2019, the Georgia Secretary of State mailed English-only "last chance" notices to all inactive voters at risk of removal in Georgia – except for Gwinnett County, who sent its own bilingual notices to its voters.  A Gwinnett Daily Post article quoted Elections Director Kristi Royston as saying, "[s]ince we're the only county that has both English and Spanish (elections language requirements), we get the file and then work with our vendor to produce and print our notices."  Furthermore, many Gwinnett municipalities have provided at least some bilingual election materials and notices, including on their websites, and are subject to Section 203 even though they run their own elections and are not independently covered under the statute according to the Census Bureau's December 2016 determination.

73.     Defendants have provided bilingual absentee ballots to Gwinnett County voters for the June 9, 2020 primary election.

74.    Chris Harvey has acknowledged that SOS staff members coordinated with Gwinnett officials to mail bilingual absentee ballots to Gwinnett County voters.

75.    With the exception of mailing Spanish language applications to the individual Plaintiffs and one declarant after the commencement of this litigation for the June 9, 2020 elections, neither of the Defendants mailed a bilingual or Spanish translated version of the absentee ballot application form to any LEP Spanish-speaking voters in Gwinnett County.

76.    Mailing two rounds of English-only absentee ballot applications to Gwinnett County's voters and refusing to mail a bilingual version of the form to Gwinnett County voters violates Section 203 of the Voting Rights Act.

77.    Similarly, Defendants are violating Section 203 on an ongoing basis by disseminating English-only press releases and all other election-related information published on the Secretary of State's website, English-only voter precinct cards accessible to individuals logging on to the Georgia My Voter Page, and English-only election-related notices, instructions, and supplies to nursing homes, among other items.

78.    Defendants' ongoing violations of Section 203 of the Voting Rights Act deny equal access to voting by mail in the upcoming primary election and

beyond to Gwinnett County's LEP Spanish-speaking voters, impairing the work of
Plaintiff organizations and forcing them to divert resources accordingly.

## COUNT 2
### Section 4(e) of the Voting Rights Act (52 U.S.C. § 10303)

79.    Plaintiffs incorporate by reference and reallege herein each of the
foregoing paragraphs of this Complaint.

80.    Section 4(e) of the Voting Rights Act mandates protection of the
voting rights of non-English speaking United States citizens and forbids
conditioning the right to vote of a person educated in an American-flag school
where English was not the language of instruction on their degree of fluency in
English.  *See* 52 U.S.C. § 10303(e)(2).

81.    Under Section 4(e), no jurisdiction can deny these individuals the
right to vote based on their "inability to read, write, understand, or interpret" the
English language.  *Id*.  The statute therefore applies squarely to the Georgia
Secretary of State, as well as to the Gwinnett County BORE.

82.    Unlike Section 203, Section 4(e) does not apply only to jurisdictions
that meet certain population thresholds.  The number of affected Puerto Rican
individuals in Gwinnett County is nonetheless substantial.  The 2018 ACS Public
Use Microdata Estimates indicates that approximately 3,031 Gwinnett County

residents of voting age were born in Puerto Rico. The 2018 ACS 5-Year Estimates indicates approximately 11,993 Puerto Rican citizens reside in Gwinnett County.

83.    The right to vote under Section 4(e) encompasses the right to an effective vote. As a result, Section 4(e) requires that jurisdictions provide instructions, ballots, and "any other material which forms part of the official communication to registered voters prior to an election" in Spanish language. The failure to do so violates Section 4(e).

84.    The violation of Section 4(e) is patent in this case. With the exception of mailing Spanish language applications to the individual Plaintiffs and at least one declarant after the commencement of this litigation for the June 9, 2020 elections, neither of the Defendants mailed a bilingual or Spanish translated version of the absentee ballot application form to any LEP Spanish-speaking voters in Gwinnett County, including those educated in Puerto Rico as required by Section 4(e). There is no evidence that they plan to send Spanish language absentee ballot applications to the individual Plaintiffs for the remainder of the 2020 election cycle or in any other future elections.

85.    Similarly, Defendants violate Section 4(e) on an ongoing basis by disseminating English-only press releases and all other election-related information published on the Secretary of State's website, English-only voter precinct cards

accessible to individuals logging on to the Georgia My Voter Page, and the
English-only election-related notices, instructions, and supplies to nursing homes,
among other items.

86.    Despite being notified of their violation of Section 4(e) by Plaintiffs,
none of the Defendants have taken remedial action and are denying LEP Spanish-
speaking voters in Gwinnett County equal access to the voting by mail process in
the upcoming June 9 primary election and beyond, impairing the work of Plaintiff
organizations and forcing them to divert resources accordingly.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray that the Court:

1.    Enter judgment in favor of Plaintiffs and against Defendants on claims
for relief as alleged in this Complaint;

2.    Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202
declaring that Defendants are violating Section 203 of the Voting Rights Act, 52
U.S.C. § 10503, on an ongoing basis by providing the following items, among
others, to Gwinnett County voters only in English: absentee ballot applications,
press releases and all other election-related information published on the Secretary
of State's website, voter precinct cards accessible to individuals logging on to the

Georgia My Voter Page, and election-related notices, instructions, and supplies to nursing homes.

3.      Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that all Defendants violated Section 4(e) of the Voting Rights Act, 52 U.S.C. § 10303, on an ongoing basis by providing the following items, among others, to Gwinnett County LEP Spanish-speaking voters who were educated in Puerto Rico only in English: absentee ballot applications, press releases and all other election-related information published on the Secretary of State's website, voter precinct cards accessible to individuals logging on to the Georgia My Voter Page, and election-related notices, instructions, and supplies to nursing homes.

4.      Grant Plaintiffs preliminary and/or permanent injunctive relief by ordering Defendants to undertake the following remedial actions:

    a. Enjoin all continuing violations of Sections 203 and 4(e) of the Voting Rights Act by Defendants;

    b. Mail an accurately translated bilingual absentee ballot application to Gwinnett County voters such as Plaintiffs Mendez and Torres when requested in future elections or, alternatively, to all Gwinnett County voters who self-identified as "Hispanic/Latino" when they registered to vote and all voters residing in all Gwinnett County precincts for

which at least five percent of voters identified as Hispanic on their

voter registration cards; and

    c.  Provide bilingual versions of press releases and all other election-

related information published on the Secretary of State's website,

bilingual voter precinct cards accessible to Gwinnett County voters

logging on to the Georgia My Voter Page, and bilingual election-

related notices, instructions, and supplies to nursing homes in

Gwinnett County.

    5.    Order that the Court shall retain jurisdiction over Defendants and their

successors for such period of time as may be appropriate to ensure compliance

with relief ordered by this Court;

    6.    Award Plaintiffs their reasonable attorneys' fees and costs pursuant to

statute; and

    7.    Grant Plaintiffs further relief as may be just and equitable.

Dated: June 8, 2020          Respectfully submitted,

                    **/s/ Bryan L. Sells**
                    BRYAN L. SELLS
                    Georgia Bar #635562
                    The Law Office of Bryan L. Sells, LLC.
                    P.O. Box 5493
                    Atlanta, GA  31107-0493
                    (404) 480-4212 (voice/fax)
                    bryan@bryansellslaw.com

Ezra D. Rosenberg*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8300
Email: erosenberg@lawyerscommittee.org

Julie Houk*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8391
Email:  jhouk@lawyerscommittee.org

**/s/ John Powers**
John Powers*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8389
Email:  jpowers@lawyerscommittee.org

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

## **LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE**

I certify that this pleading has been prepared with Times New Roman font,

14 point, as approved by the Court in L.R. 5.1(C), N.D. Ga.


**/s/ John Powers**
John Powers*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8389
Email:  jpowers@lawyerscommittee.org

34

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2020, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system.

**/s/ John Powers**
John Powers*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8389
Email:  jpowers@lawyerscommittee.org